Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Jean C. Bensing, Appellee.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, March 4, 1974:

Appellee's license was suspended by the Secretary of Transportation for one year as a result of being convicted of violating Section 624(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624(6), driving after her license had been suspended. The earlier suspension, as a result of incompetence, had been from August 4, 1970, through February 11, 1972. During that period of suspension, i.e., on August 13, 1971, appellee was apprehended. The arresting officer's attention was called to the appellee on that day

by reason of the fact that the vehicle she was operating had an expired inspection sticker. When appellee could not produce a driver's license, having surrendered it to the Secretary, she was apprehended for the offense of driving during suspension.

We call attention to this sequence of events only because the lower court found that the appellee had committed "only a slight or de minimis violation, inadvertently." The lower court must have been referring inadvertently to the offense of driving with an expired inspection sticker, for surely no one could regard driving during a suspension, after surrendering an operator's license, as inadvertent much less de minimis.

The lower court reversed the Secretary on the ground of abuse of discretion. In fact, the suspension of one year is exactly in accord with the schedule of penalties established by the Secretary. *See Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962). Far from an abuse of discretion, this is a practice designed to minimize abuse of discretion or favoritism. See opinion of President Judge BOWMAN of this Court, then sitting as a Judge of the Court of Common Pleas of Dauphin County, in *Commonwealth v. Shontz,* 92 Dauphin 63, 66 (1969):

"We would add that not only does the adoption and use of a schedule 'prevent favoritism and cause all violations to be treated alike', but it also affords the standard or base upon which the Secretary's acts are to be tested in terms of abusing the discretion conferred upon him. If he were to ignore a schedule adopted by him in a particular case except where a rational basis and compelling reason existed for doing so (and none exists here), he would open himself to a charge of abuse of discretion. Favoritism is an abuse of discretion; adopting a schedule and applying the suspension prescribed by it are not."

Accordingly, we enter the following

## ORDER

Now, March 4, 1974, the order of the court below, dated June 26, 1972, is reversed and the order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued by the Secretary of Transportation within 30 days.