## Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Paul E. Bachman, Appellee.

Submitted on briefs, March 6, 1975, to Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Marvin J. Rudnitsky,* with him *Edward K. Strauss,* for appellee.

OPINION BY JUDGE ROGERS, April 2, 1975:

On March 26, 1971, the appellee, Paul E. Bachman, was apprehended and charged with operating a motor vehicle while his operating privileges were suspended in violation of Section 624 (6) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624 (6). On June 9, 1972, he was convicted of this offense, then denominated a misdemeanor.[1] The appellee was thereafter notified by the Secretary of Transportation of the suspension of his operating privileges for a period of one year as provided by the schedule of penalties promulgated by the Secretary. The lower court sustained Bachman's appeal and set aside the suspension.

That Mr. Bachman violated the statute is not disputed. The lower court's action was based on (1) a finding that Mr. Bachman's operation of the motor vehicle was "inadvertent," (2) the Court's belief that a one year's suspension would work an economic hardship, and

---

1. By the Act of May 26, 1972, P.L. 313, 75 P.S. §624 (Supp. 1974-1975) effective July 25, 1972, the offense of violation of Section 624 (6) was reclassified a summary offense.

(3) the Court's conclusion that the imposition of a one year's suspension was an abuse of the Secretary's discretion because the Legislature had changed the classification of the offense from misdemeanor to one punishable in summary proceedings.

Our opinion in *Commonwealth v. Bensing,* 12 Pa. Commonwealth Ct. 71, 315 A.2d 897 (1974) is controlling. There, Judge WILKINSON noted that no one may regard driving during a suspension, after surrendering an operator's license, as inadvertent.[2] We also held in *Bensing* that a one year's suspension imposed in accordance with a schedule of penalties was no abuse of the Secretary's discretion. We hold here that the fact that the Legislature has effected a change in the classification of the violation for purposes of its punishment as a criminal offense, does not require the Secretary to change his view of the appropriate duration of a suspension of operating privileges for the same conduct.

### ORDER

AND NOW, this 2nd day of April, 1975, the Order of the Court of Common Pleas of Snyder County is reversed and the Order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued by the Secretary of Transportation within 30 days.

---

2. Mr. Bachman had driven 65 miles immediately before his apprehension.