Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* John L. Johnson, J & J Auto and Richard Ames, Appellees.

Submitted on briefs September 10, 1984, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Nancy J. Norkus,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Richard T. Ruth,* for appellees.

OPINION BY JUDGE MACPHAIL, November 1, 1984:

The Department of Transportation appeals from an order of the Court of Common Pleas of Erie County which modified an order of the Bureau of Traffic Safety (DOT) suspending the inspection station privileges of John L. Johnson, doing business as J & J Auto (Appellee).[1] We reverse.

By letter of April 22, 1982, the Bureau notified Appellee that pursuant to Section 4724(a) of the Vehicle Code, *as amended,* 75 Pa. C. S. §4724(a), its

---

[1] The Bureau also notified Richard Ames that his certification as an official inspection mechanic would be suspended. This suspension is not being challenged.

certificate of appointment as an official inspection station was suspended as follows: one year for furnishing an inspection sticker without an inspection and, because this was a second offense, three years for fraudulent record keeping.

Appellee appealed to the court of common pleas. After a hearing de novo, the court held that the three year suspension could not be imposed on Appellee for the sole reason that the Bureau had failed to specify that the second offense of fraudulent record keeping was ''of the same nature'' as the first offense. Accordingly, the court of common pleas reduced the three year suspension handed down for fraudulent record keeping to one year. The present appeal followed.

In an inspection certificate suspension case, our scope of review is limited to a determination of whether or not the findings below are supported by substantial evidence or an error of law was committed. *Kenworth Trucks Philadelphia, Inc. v. Department of Transportation, Bureau of Traffic Safety,* 56 Pa. Commonwealth Ct. 352, 425 A.2d 49 (1981). The order of the court below will generally not be disturbed on appeal absent a showing of manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). ''However, it is important to note

Appellee has also moved this Court to dismiss for mootness on the basis that Appellee closed his station, is no longer in the business of conducting inspections and had no further intention to operate an inspection garage for at least three years. However, the closing of the station has no effect on his suspension because the suspension runs to Appellee personally. Accordingly, the motion to dismiss for mootness is denied. *See Pennsylvania Interscholastic Athletic Assoc., Inc. v. Greater Johnstown School District,* 76 Pa. Commonwealth Ct. 65, 463 A.2d 1198 (1983).

that the court below is limited in its decision *solely to a de novo determination of whether the person charged with the violation has indeed committed the violation for which the sanction was imposed."* *Verna*, 23 Pa. Commonwealth Ct. at 261, 351 A.2d at 695 (emphasis in original). If the trial court makes findings of fact or conclusions of law which differ from those made by DOT, the trial court may then modify the imposed penalty. *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978). When the findings of fact and conclusions of law are identical to those made by DOT, the trial court may not alter the imposed penalty, *Kenworth*, even if it disagrees with the penalty imposed. *Verna*, 23 Pa. Commonwealth Ct. at 262, 351 A.2d at 695. *See Department of Transportation, Bureau of Traffic Safety v. Cormas*, 32 Pa. Commonwealth Ct. 1, 5, 377 A.2d 1048, 1050 (1977).

In the instant case, the trial court did not disturb any of DOT's findings of fact or conclusions of law. In fact, the trial court made no findings; instead, it focused upon the unfairness to Appellee of not being notified that the second offense of fraudulent record keeping "was of the same nature" as his previous offenses.

Despite the lack of findings, neither the law nor the record admits of any justifiable reason to modify the three year suspension. The official regulations and their supplements require that copies of such regulations be made available to all employees, 67 Pa. Code §175.29(a)(2). Appellee testified that he had a copy of the regulations governing the penalties regarding inspection stations. At the time relevant to this appeal, 67 Pa. Code §175.211[2] specifically de-

---

[2] The schedule of penalties has subsequently been amended, and is now found at 67 Pa. Code §175.51.

lineated what constituted violations and their corresponding penalties. These regulations provided that second and subsequent violations would be determined on the basis of previous offenses ''of the same nature'' within a three year period, and specifically provided that the penalty for a second offense of fraudulent record keeping would be a three year suspension. The phrase ''of the same nature'' was not defined in the regulations, but it is a well established rule of construction that words and phrases shall be construed, if possible, according to their common and plain meaning. Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903. In order to give full effect to the penalty provisions regarding second and subsequent offenses, ''of the same nature'' must mean those offenses having the same character or quality as previous offenses, *i.e.*, second or subsequent charges in the same category as the previous offense.

It is undisputed that two offenses of fraudulent record keeping occurred for which Appellee, as owner of the inspection station, was personally responsible. *See* 67 Pa. Code §175.29(a)(6). Obviously, one charge of fraudulent record keeping must be, by definition, ''of the same nature'' as a second charge of fraudulent record keeping. Therefore, when Appellee received the letter charging him with fraudulent record keeping, he was put on constructive notice that this charge was ''of the same nature'' as the previous charge. No separate notice that this was a second offense was necessary.

Because the trial court did not disturb the Bureau's findings of facts or conclusions of law, we hold that it was error for the court below to revise the penalty. We reverse the court of common pleas decision which reduced the suspension period for the fraudulent rec-

ord keeping offense and reinstate the original three year term.

ORDER

The order of the Court of Common Pleas of Erie County, No. 2195-A-1982 dated February 10, 1983 sustaining in part the appeal of J & J Auto is hereby reversed and the three year suspension of the Certificate of Appointment of Official Inspection Station ordered by the Bureau of Traffic Safety on April 22, 1982, is reinstated.