507 A.2d 1312

Commonwealth of Pennsylvania *v.* In Re: Appeal of Ralph E. Lossie, d/b/a Jim Lossie's Auto Service. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Submitted on briefs March 13, 1986, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*William G. Sesler,* with him, *Gregory P. Sesler, Sesler & Belott,* for appellee.

OPINION BY SENIOR JUDGE KALISH, April 25, 1986:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Erie County which reversed DOT's order suspending Ralph E. Lossie's certificate of appointment for three months and reduced the suspension to fifteen days. We reverse.

Pursuant to a complaint alleging a faulty inspection, the Pennsylvania State Police inspected a 1972 Dodge sedan which had previously been inspected by Lossie. The inspecting officer determined that an improper inspection had been conducted. Lossie was notified that his certification as an official inspection station was suspended for three months for faulty inspection.

The trial court found that only two of the four listed violations were supported by the evidence, but that Lossie's failure to observe the defects did result in a faulty inspection. However, relying upon *Kenworth Trucks Philadelphia, Inc. v. Department of Transportation, Bureau of Traffic Safety,* 56 Pa. Commonwealth Ct. 352, 425 A.2d 49 (1981), the trial court reduced the suspension period from three months to fifteen days.

In an inspection certificate suspension case, our scope of review is limited to a determination of whether or not the findings of the trial court are supported by substantial evidence or an error of law was committed. *Department of Transportation v. Johnson,* 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984).

The court, in a trial *de novo,* where the evidence leads to a conclusion of a violation of the law, may not

reverse or modify the penalties imposed. *Department of Transportation, Bureau of Traffic Safety, v. Thompson* 13 Pa. Commonwealth Ct. 162, 318 A.2d 408 (1974). However, the court may modify the penalty where it makes findings of fact or conclusions of law different from that of the Department. *Kenworth; Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 477 Pa. 525, 384 A.2d 1213 (1978).

In the *Kenworth* and *Kobaly* cases, the offenses that were committed were found by the trial court to be of a different nature that that charged and thus carried different penalties. Under such circumstances the trial court may vary or modify the sentence to comport with that violation. In the instant case, while the trial court found two violations only, the conclusion of the court nevertheless was that there was a faulty inspection. This called for a mandatory three month suspension. Here, the trial court did not have authority to alter or modify the penalty. Thus, the trial court committed an error of law. Accordingly, we reverse, and reinstate the three month suspension.

## ORDER

Now, April 25, 1986, the order of the Court of Common Pleas of Erie County, No. 2-A-1984, dated November 30, 1984, is reversed. The order of the Department of Transportation, suspending Ralph E. Lossie's Certificate of Appointment for three months, is reinstated.