520 A.2d 515

Ridge AMC/Jeep/Renault, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Richard L. Gerson, Gerson, Capek & Voron,* for appellant.

*Steven P. Miner,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, January 14, 1987:

Ridge AMC/Jeep/Renault, Inc. (Ridge) appeals here from an order of the Court of Common Pleas of Phila-

delphia County which affirmed a Department of Transportation (DOT) order suspending its dealer's registration plates for one month.

Ridge sold what it thought was a 1985 Jeep CJ-7 on September 29, 1984 to Carol Liebold, who signed a certificate of title (form MV-1) on that date. She discovered later, however, that the vehicle was actually a 1984 Jeep.[1] She notified Ridge of this error but she refused to sign a corrected certificate of title,[2] and, because of Ridge's inability to obtain her necessary signature until December 3, 1984, the certificate was not sent to DOT until that time.

At a hearing held on February 5, 1985, DOT found that Ridge had violated Section 1103(d) of the Vehicle Code, 75 Pa. C. S. §1103(d),[3] by failing to deliver to DOT, within ten days of the sale, a properly signed certificate of title. DOT further found that Ridge had been

---

[1] The record does not indicate the precise date on which Ms. Liebold discovered that she had received a 1984 rather than a 1985 jeep, but it was sometime prior to Ridge's sending the certificate to DOT which was required within ten days of the September 29, 1984 sale.

[2] Ms. Liebold refused all offers by Ridge to rectify the problem and she refused its request to sign a corrected certificate of title. She immediately initiated a lawsuit which has since been amicably settled.

[3] Section 1103(d) pertinently provides that:

(d) **Vehicles purchased from dealers.**—If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within ten days of the date of purchase. The application shall contain the names and addresses of any lienholders in order of priority, the amounts and the dates of the security agreements, and be assigned by the dealer to the owner and signed by the owner. Any dealer violating this subsection is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $50 for each violation. . . .

sent a written warning for a similar violation on April 8, 1982.[4] Consequently, Ridge had been notified on February 13, 1985 that its dealer's registration plates would be suspended for a period of one month pursuant to Section 1374(a)(5) of the Vehicle Code, 75 Pa. C. S. §1374(a)(5),[5] and 67 Pa. Code §53.9(a)(12).[6] On May 13,

---

[4] The April 8, 1982 violation was for failure to forward title documents to DOT within ten days pursuant to Section 1113(c) of the Vehicle Code, 75 Pa. C. S. §1113(c), and the December 1984 violation was within three years of that violation as required by Section 53.9(c), 67 Pa. Code §53.9(c) to constitute a second violation.

[5] The Legislature has given DOT the power to suspend vehicle registration plates in Section 1374(a)(5), which provides that:

**Suspension of vehicle business registration plates.**

(a) General rule.—The Department may suspend registration plates for dealers, manufacturers or members of the 'Miscellaneous Motor Vehicle Business' class after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

. . . .

(5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly signed certificate of title.

[6] Section 53.9(a)(12) establishes the schedule of penalties for dealer registration offenses, and pertinently provides that:

**Sanctions for violations by dealer, manufacturer or miscellaneous motor vehicle business registrants.**

(a) Schedule. After providing an opportunity for a hearing, the Department may impose suspensions on a registrant according to the following schedule of violations by the registrant, when the Department finds upon sufficient evidence that:

. . . .

(12) The registrant has failed to deliver to a lawfully entitled transferee or to the Department, when and as required by law, a properly assigned certificate of title.

| 1st Offense | 2nd Offense | 3rd Offense | 4th and Subsequent Offense |
|---|---|---|---|
| Written Warning | 1 month | 6 months | Revocation |

1985, after a hearing de novo, the common pleas court affirmed DOT's suspension of Ridge's dealer's plates. Ridge then appealed to this Court and filed a petition for supersedeas with the common pleas court. The supersedeas was granted pending our disposition of this matter.[7]

Ridge contends that, because of the mitigating circumstances present here, DOT abused its discretion in issuing a suspension. In particular, Ridge alleges that it was Ms. Liebold's refusal to accept either a new vehicle or a monetary settlement, and her subsequent refusal to sign a revised certificate, that resulted in the certificate's not having been sent to DOT until December 3, 1984. Alternatively, Ridge contends that, because it violated Section 1103(d) and paid the fifty dollar fine provided for in that section, the penalty provisions of Section 1374(a)(5) and the schedule of penalties promulgated thereunder in Section 53.9, are inapplicable here. We cannot agree.

Ridge had knowledge of the penalty provisions because of a warning it had admittedly received for a prior violation. Moreover, the appellate courts of this state have recognized the value of insuring equal treatment under the law through the application of such schedules. *Commonwealth v. Bensing*, 12 Pa. Commonwealth Ct. 71, 315 A.2d 897 (1974). We cannot find, therefore, that Sections 1374(a)(5) and 53.9(a)(12) are inapplicable here.

Ridge contends that, if Section 1374(a) is applicable, a suspension under that section is discretionary, and not mandatory, because that section provides that a dealer's

---

[7] We take note of our limited review which is to determine whether or not the findings below are supported by substantial evidence or an error of law has been committed. *Department of Transportation v. Johnson*, 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984).

license *may* be suspended. In support of its argument that the mitigating circumstances here require that no suspension be issued, Ridge cites *Commonwealth v. Bitner*, 20 D. & C. 2d 446 (1959). *Bitner* requires that extenuating circumstances be taken into consideration; however, it does not require that their mere existence prohibits the imposition of a suspension. And our review of the record indicates that the common pleas court did consider the mitigating circumstances. It stated that Ms. Liebold "refused to sign a new certificate of title due to the error committed by Ridge," and then found that Ridge did commit the violation for which the sanction was imposed.[8] Furthermore, there is no indication in the record that Ridge made any attempt to notify DOT of the problem or potential delay in delivering the required certificate. We believe, therefore, that the common pleas court did not abuse its discretion in affirming the one month suspension of Ridge's license, and that its decision is supported by substantial evidence.[9]

Ridge further contends that it is neither a habitual violator of the statute nor guilty of fraud and that it has caused no financial loss to Ms. Liebold. It, however, has neither been accused of nor found to have committed any of these offenses. Furthermore, we find no indica-

---

[8] The common pleas court stated in its opinion that:
> At the time of the hearing, the plaintiff contended that the mistake of Ridge AMC/Jeep/Renault, Inc. in selling the customer a 1985 Jeep when in fact it was a 1984 Jeep was excusable and did not constitute a violation of the statute in question. This Court disagreed and found that such conduct was violative of the statute and warranted the penalty imposed by the Department of Transportation.

[9] The substantial evidence relied on includes the certificates of title executed on September 29, 1984, the date of sale, and December 3, 1984.

tion in the relevant statutes and rules that these elements are necessary for the imposition of a suspension. We will not, therefore, address these issues.

Ridge's final contention is that the suspension will result in great economic hardship for the dealership. It is the purpose of the penalty provisions, however, to provide a uniform system to deal with dealership violations, and economic hardship alone is insufficient to excuse the violation of the statute. *Commonwealth v. Emerick,* 373 Pa. 388, 96 A.2d 370 (1953). Furthermore, although some inconvenience will result from its inability to conduct test drives, Ridge will still be able to operate its service department and engage in the sale of new and used cars.

We will, therefore, affirm the order of the court of common pleas.

### ORDER

AND NOW, this 14th day of January, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.