521 A.2d 68

Kelly Buick, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 21, 1986, to Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael J. Piosa, Weaver, Mosebach, Piosa, Hixson, Wallitsch, & Marles,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, February 12, 1987:

Kelly Buick, Inc. (Appellant) appeals an order of the Lehigh County Court of Common Pleas which reinstated a three-month suspension of its certificate of appointment as an official inspection station by the Department of Transportation (Department). We affirm the trial court order, as modified.

On July 27, 1984, Appellant was notified by the Department that it was being charged with furnishing a certificate of inspection without an inspection or faulty inspection and fraudulent or improper record keeping by one of Appellant's inspection mechanics, Peter J. Grande. The charges were based on a report submitted by a Pennsylvania State Police inspector regarding alleged defects in a used vehicle sold by Appellant bearing a new inspection sticker signed by Mr. Grande.

Following a hearing, Appellant's certificate of appointment as an official inspection station was suspended, pursuant to Section 4724(a) of the Vehicle Code, *as amended,* 75 Pa. C. S. §4724(a), for three months for faulty inspection and three months for improper record keeping, to run concurrently.

Appellant appealed the suspension to the court of common pleas which issued a supersedeas of the suspension order and granted a hearing on the suspension. After a *de novo* hearing, the court entered an order stating that it was making the same findings as the Department, namely that Appellant "performed a faulty inspection and had kept fraudulent or improper records," and reinstating the three-month suspension.

On April 30, 1985, Appellant filed a notice of appeal with this Court and the court of common pleas granted a stay of its order.

Appellant argues before our Court that the trial court (1) erred in concluding that it maintained fraudulent or improper records; (2) erred in finding a faulty inspection without substantial evidence; and (3) erred in reinstating the suspension instead of issuing a warning.

Our scope of review in an inspection certificate suspension case is limited to a determination of whether or not the findings of the trial court are supported by substantial evidence or an error of law was committed. *Commonwealth v. Lossie,* 96 Pa. Commonwealth Ct. 553, 507 A.2d 1312 (1986).

Appellant argues, first of all, that the trial court incorrectly found the violation of "fraudulent" record keeping when that issue was not before it. The Department's original notification to Appellant did include the charge of fraudulent record keeping. Notwithstanding the statement in the trial court's order and memorandum opinion to the contrary, the Department's decision which Appellant appealed to the trial court included

the finding of *improper* record keeping only. The issue of fraud was not raised in the *de novo* hearing and no evidence of fraud was presented. We agree with Appellant therefore that the trial court could not rule on the issue of fraud as it was not presented with it. *Department of Transportation, Bureau of Traffic Safety v. Searer*, 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980). As such, the court did err in including the violation of *fraudulent* record keeping in its order and we will modify it accordingly.

We reject Appellant's argument, however, that the trial court erred in finding *improper* record keeping. Appellant's mechanic, Mr. Grande, testified before the trial court that on June 1, 1984 he was asked to inspect a used car that was to be delivered to a customer that day. He "tested" the car on the road by driving it approximately one mile and then checked the lights. He then referred to a record of a "safety check," previously performed by another of Appellant's mechanics, which Mr. Grande admits is not an official state inspection. *See* R.R. at 34a. Mr. Grande thereupon affixed to the car a state inspection sticker knowing that this was improper because he had not personally inspected the car. R.R. at 36a-37a.

Appellant argues that this conduct may prove a faulty inspection but that it does "not have anything to do with record keeping." It contends that the Department should be precluded from charging both violations under our decision in *Department of Transportation v. Sortino*, 75 Pa. Commonwealth Ct. 541, 462 A.2d 925 (1983). We believe that Appellant's reliance on *Sortino* is misplaced.

In *Sortino*, the Department charged an inspection station with fraudulent record keeping and found that this in and of itself constituted a faulty inspection. We affirmed the trial court's finding that neither charge was

supported by substantial evidence, concluding that the two violations are separate offenses under the Department's regulations and therefore must be established independently.

In the case *sub judice,* there is substantial evidence to support both the improper record keeping violation and the faulty inspection violation. We agree with the Department that the act of completing the official inspection forms with information obtained from the "safety check" form and not from an actual inspection is distinct from the act of neglecting to adequately inspect the vehicle. As such, *Sortino* does not preclude the imposition of two separate penalties for the two violations.

Appellant also argues that the trial court's finding that the inspection performed by Mr. Grande was faulty was not supported by substantial evidence. It contends that even though the state police inspector discovered defects in the vehicle on June 14, 1984, which would have caused it to fail a state inspection on June 1, 1984, these defects could have developed within the 285 miles the car was driven since Appellant sold it. This argument completely misses the point.

Under Department regulations, "[i]t shall be the responsibility of the certified inspection mechanic *who performed the inspection* to affix the certificate of inspection to the vehicle. . . . The certificate of inspection shall be affixed only after completion of the *entire* inspection. . . ." 67 Pa. Code §175.41(d)(1) (emphasis added).[1] Mr. Grande admits that he never performed an official state inspection but "took a little shortcut" by relying on the "safety check" performed by another mechanic. R.R. at 44a. This is per se a faulty inspection. It is irrelevant whether the car would have passed inspec-

---

[1] This section is identical to the section in effect at the time of this suit.

tion had Mr. Grande inspected it or even whether it met state requirements when the previous mechanic checked it. We therefore affirm the three-month suspension of Appellant's certificate of appointment for faulty inspection.

Finally, Appellant argues that the trial court erred in not modifying the penalty imposed by the Department so as to issue a warning rather than the suspension.[2] We disagree and affirm the court's reinstatement of the three-month suspension. This Court has recently stated that "[t]he court, in a trial *de novo*, where the evidence leads to a conclusion of a violation of the law, may not reverse or modify the penalties imposed." *Lossie*, 96 Pa. Commonwealth Ct. at 554, 507 A.2d at 1313. The trial court, however, may alter the penalty if it makes findings of fact and conclusions of law different from the Department's. *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978); *Department of Transportation v. Johnson*, 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984). Here, the trial court's order specifically stated that it made the same findings as the Department. Since we affirm the Department's findings as to the faulty inspection and improper record keeping, we believe the trial court was precluded from altering the suspension imposed, assuming *arguendo* that a warning may have been appropriate in these circumstances.

## Order

The order of the court of common pleas in the above-captioned proceeding is modified to delete reference to the offense of fraudulent record keeping and is otherwise affirmed.

------

[2] Warnings were previously permitted, within the Department's discretion, for first violations of, *inter alia,* fraudulent record keeping, improper record keeping and faulty inspection.