527 A.2d 632

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Ede Motor Company, Appellee.

Submitted on briefs March 18, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Thomas J. Hines,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, June 25, 1987:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which sustained an appeal by Ede Motor Company (Ede) of a DOT order suspending its dealer registration plates and its authorization to issue temporary registration plates.

As a result of complaints received from individuals who had purchased motor vehicles from Ede, but had not received their title papers and registration cards, a garage inspector for the Commonwealth visited Ede in April and July of 1985. After checking Ede's records, he discovered that the necessary paper work had not been submitted to DOT within the ten-day period required by Section 1103(d) of the Pennsylvania Vehicle Code (Vehicle Code), 75 Pa. C. S. §1103(d). DOT held a hearing on this matter on August 8, 1985, and found that Ede, on four separate occasions, had failed to timely deliver applications to DOT for certificates of title, thus violating Section 1103(d) of the Vehicle Code. Pursuant to 67 Pa. Code §53.9(a)(12), therefore, Ede was issued a warning for the first violation and notified, pursuant to Section 1374(a)(5) of the Vehicle Code, of the three one-month suspensions for the other offenses to be served concurrently. Also, pursuant to 67 Pa. Code §43.11(a)(4), DOT informed Ede that its authorization to issue temporary registration plates was likewise suspended for four one-month periods to run concurrently. Ede appealed DOT's decision to the trial court, which concluded that the penalty was extreme and, therefore sustained the appeal thereby effectively lifting the suspension.

DOT contends[1] that the trial court erred, as a matter of law, in substituting its discretion for that of DOT and in holding DOT's assessment of the suspension so extreme that DOT should be reversed. We agree.

The trial court, in reviewing a DOT license suspension, is limited in its decision solely to a de novo determination as to whether or not the person charged has indeed committed the violation for which the sanction was imposed. *Department of Transportation, Bureau of Traffic Safety v. Verna*, 23 Pa. Commonwealth Ct. 260, 351 A.2d 649 (1976). And, where evidence leads to the conclusion of a violation of the law, the trial court may not modify the penalties imposed unless it makes findings of fact *and* conclusions of law different from those of DOT. *Department of Transportation v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978); *Commonwealth v. Lossie*, 96 Pa. Commonwealth Ct. 553, 507 A.2d 1312 (1986).

The trial court here found that Ede had committed the violations for which it was charged,[2] but sustained Ede's appeal solely because it found the penalty to be too severe in light of mitigating circumstances.[3] A trial court, however, may not reverse or modify a DOT suspension simply because it believes the result harsh. *Commonwealth v. Demuro*, 24 Pa. Commonwealth Ct. 480, 357 A.2d 270 (1976). And it is a manifest abuse of discretion for a trial court to modify a DOT suspension

---

[1] Ede was precluded from filing a brief in this matter.

[2] The trial court also found that the penalty provisions of Section 1374(a)(5) of the Vehicle Code, 75 Pa. C. S. §1374(a)(5), were discretionary, rather than mandatory because of that section's use of the word "may."

[3] The mitigating circumstances found by the trial court were that Ede had been in business for thirty-one years and committed only four violations, that the violations caused no financial loss, and that they were unintentional and due to emotional and financial strain on the part of the owner.

when it finds a punishable violation but disagrees with the penalty imposed. *Department of Transportation v. Cormas*, 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977).

Accordingly, we will reverse the order of the trial court.

ORDER

AND NOW, this 25th day of June, 1987, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed and the order of the Department of Transportation is reinstated.