556 A.2d 468

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Pacifico Ford, Inc., Appellee.

Submitted on briefs October 11, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*Edward Stock,* for appellee.

OPINION BY SENIOR JUDGE KALISH, January 20, 1989:

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Philadelphia County, which reversed the suspension of Pacifico Ford's dealer registration plates and authorization to issue temporary registration plates and cards. We reverse, and reinstate the suspension.

On April 28, 1983, DOT sent a warning letter to Pacifico Ford, concerning a violation of section 1103(d) of the Vehicle Code, 75 Pa. C. S. §1103(d). This section obligates the dealer to deliver an application for certificate of title to DOT within ten days of the purchase of a vehicle.

Pacifico Ford was subsequently charged with forty-eight violations of section 1103(d) of the Vehicle Code. On October 8, 1985, a hearing was held by DOT, in which Pacifico Ford was given an opportunity to demonstrate why their dealer registration privileges and authorization to issue temporary registration plates should not be suspended. DOT found that the warning letter constituted a first violation, and imposed forty-eight one month suspensions, the penalty for a second offense pursuant to the schedule outlined in section 53.9(a)(12), 67 Pa. Code §53.9(a)(12).[1] The forty-eight suspensions were to be served concurrently. The same suspension was imposed as a first offense pursuant to the penalty schedule out-

---

[1] Section 53.9 of the Pennsylvania Code provides that after an opportunity for a hearing is provided to a registrant, DOT may impose suspensions on a registrant according to a schedule of violations. Under section 53.9(a)(12), the violation involved is failure to deliver to a lawfully entitled transferee, or to DOT, a properly assigned certificate of title. Under the schedule, a first offense calls for a warning, a second offense calls for a one month suspension, a third offense calls for a six month suspension, and a fourth offense calls for revocation.

lined in section 43.11(a)(4), 67 Pa. Code §43.11(a)(4).[2] Pacifico Ford appealed to the trial court, where the trial court sustained the appeal and reversed the suspension. The trial court reasoned that the warning letter could not serve as a first offense for purposes of the penalty schedule in DOT's regulations, because no hearing was held regarding the offense which was the subject of the warning letter.

Our limited scope of review is to determine whether the findings of the trial court are supported by substantial evidence, or an error of law has been committed. *Department of Transportation v. Johnson,* 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984). DOT is empowered to suspend vehicle registration plates under section 1374 of the Vehicle Code, 75 Pa. C. S. §1374, and reads in pertinent part:

Suspension of vehicle business registration plates.

(a) General rule— The Department may suspend registration plates for dealers, manufacturers or members of the 'Miscellaneous Motor Vehicle Business' class after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

. . . .

(5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the de-

---

[2] Section 43.11 of the Pennsylvania Code provides that after an opportunity for a hearing is provided, suspensions or sanctions may be imposed on an issuing agent according to a schedule of violations. Section 43.11(a)(4) provides that where an agent issues temporary plates, but does not deliver the proper documents or fees to DOT as required, a first offense carries a one month suspension, a second offense carries a three month suspension, a third offense carries a six month suspension, and a fourth offense calls for revocation.

partment, when and as required by this title, a properly signed certificate of title.

The Pennsylvania Code sets forth the schedule of penalties which DOT may impose for specific violations. Both sections 53.9 and 43.11 of the Pennsylvania Code reflect the requirement set forth in section 1374 of the Vehicle Code, in that a hearing must be held before sanctions or suspensions may be imposed.

The trial court incorrectly interpreted DOT's regulations to mean that the warning issued in 1983 could not constitute a first offense, because Pacifico Ford was not given the opportunity for a hearing in connection with the warning. A clear reading of the language of both sections 53.9 and 43.11 of the Pennsylvania Code state that a hearing is required before sanctions or suspensions may be imposed. The regulations did not require a hearing in connection with the warning letter sent to Pacifico Ford, because no suspension or sanction was imposed for the offense contained in the warning letter. This court has previously affirmed a decision which followed this procedure. *Ridge AMC/Jeep/Renault Inc. v. Commonwealth*, 103 Pa. Commonwealth Ct. 174, 520 A.2d 515 (1987).

### ORDER

NOW, January 20, 1989, the order of the Court of Common Pleas of Philadelphia County, No. 4563 November term 1985, is reversed, and the decision of the Pennsylvania Department of Transportation is reinstated.