558 A.2d 921

**ERNEST SUNDAY CHRYSLER PLYMOUTH, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1988.

Decided May 17, 1989.

Petition for Allowance of Appeal Denied March 30, 1990.

Robin Minshull Hittie, Leroy Smigel, Smigel, Anderson & Sacks, Harrisburg, for appellant.

Lawrence J. Wieder, Asst. Counsel, Harold H. Cramer, Asst. Chief Counsel and John L. Heaton, Chief Counsel, Harrisburg, Dept. of Transp., for appellee.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Ernest Sunday Chrysler Plymouth, Inc. (Sunday) appeals an order of the Court of Common Pleas of Cumberland County which affirmed an order of the Department of Transportation (DOT) suspending its dealer registration plates and its authorization to issue temporary registration plates for thirty days. We affirm.

On February 3, 1986, DOT issued a warning letter to Sunday pursuant to its finding that Sunday had violated Section 1103(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1103(d). Again, on January 29, 1988, Sunday was charged with violation of Section 1103(d) of the Code. A

hearing was held on February 19, 1988 at which Sunday appeared without counsel. Following the hearing, on March 28, 1988, DOT suspended Sunday's dealer registration plates for thirty days pursuant to 67 Pa.Code § 53.9(a)(12) for violations of Section 1103(d) of the Code. Further, it suspended Sunday's authorization to issue temporary registration plates for thirty days pursuant to 67 Pa.Code § 43.11(a), Category I(4) for violations of Section 1103(d) of the Code.

Sunday appealed DOT's order to the trial court which, following a *de novo* hearing, affirmed. Sunday now appeals to this Court.

Sunday raises several issues for our review. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence or whether an error of law has been committed. *Ridge AMC/Jeep/Renault v. Commonwealth*, 103 Pa. Commonwealth Ct. 174, 520 A.2d 515, *petition for allowance of appeal denied*, 515 Pa. 602, 528 A.2d 958 (1987).

Section 1374 of the Code provides in pertinent part:
(a) General rule.—The department may suspend registration plates for dealers ... after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

. . . .

(5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly assigned certificate of title.

75 Pa. C.S. § 1374(a)(5).

Further, Section 1103(d) of the Code provides:
(d) Vehicles purchased from dealers.—If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within ten days of the date of purchase. .... Any dealer violating this subsection is guilty of a summary

offense and shall, upon conviction, be sentenced to pay a fine of $50 for each violation. ....

75 Pa. C.S. § 1103(d).

DOT's regulations promulgated pursuant to Section 1374 of the Code which are relevant to this case provide in pertinent part:

(a) Schedule. After providing an opportunity for a hearing, the Department may impose suspensions or sanctions on an issuing agent according to the following schedule of violations by the agent, when the Department finds upon sufficient evidence that:

. . . .

| | Duration of Suspension | |
|---|---|---|
| Reason for Suspension of agent | 1st Offense | 2nd Offense |
| Category I | | |
| . . . . | | |
| (4) The agent has issued temporary plates but has not delivered proper documents or fees and taxes to the Department within the prescribed period of time. | Until the documents, fees or taxes are delivered, plus 1 month. | Until the documents, fees or taxes are delivered, plus 3 months. |

67 Pa.Code § 43.11(a), Category I(4).

(a) Schedule. After providing an opportunity for a hearing, the Department may impose suspensions on a registrant according to the following schedule of violations by the registrant, when the Department finds upon sufficient evidence that:

| | 1st Offense | 2nd Offense |
|---|---|---|
| . . . . | | |
| (12) The registrant has failed to deliver to a lawfully entitled transferee or to the Department, when and as required by law, a properly assigned certificate of title. | Written warning. | 1 month. |

67 Pa.Code § 53.9(a)(12).

One of Sunday's arguments is that it was denied due process inasmuch as DOT did not provide it with a meaningful opportunity to be heard prior to the issuance of the warning in 1986 or prior to the suspension in 1988. We disagree.

■ First, no hearing was required prior to the issuance of the 1986 warning. We have recently held that neither § 43.11 nor § 53.9 of Title 67 of the Pennsylvania Code require that a hearing be held prior to the issuance of a warning pursuant to these regulations inasmuch as no suspension or sanction is imposed. *Department of Transportation v. Pacifico Ford, Inc.*, —— Pa.Commonwealth Ct. ——, 556 A.2d 468 (1989). Accordingly, we reject Sunday's argument that any alleged deficiency in the hearing prior to the issuance of the 1986 warning letter would invalidate the 1988 suspension.

■ Second, we find no deficiency in the hearing held prior to DOT's imposition of Sunday's 1988 suspension. Sunday argues that it was denied due process with respect to that hearing in that it was not informed of its right to be represented by counsel, no stenographic record was kept of the hearing, no record of the hearing was made and no findings of fact were made by DOT. Sunday argues that these deficiencies were in violation of the Administrative Agency Law, 2 Pa. C.S. §§ 501–508, 701–704. We note, however, that 2 Pa. C.S. § 501 provides in pertinent part:

(b) None of the provisions of this subchapter shall apply to:

. . . .

■ Proceedings before the Department of Transportation involving matters reviewable under 42 Pa. C.S. § 933 (relating to appeals from government agencies).

Matters reviewable under 42 Pa. C.S. § 933 include "[d]eterminations of the Department of Transportation appealable under ... the provisions of Title 75 ...: Section 1377 (relating to judicial review of denial or suspension of regis-

tration)." 42 Pa. C.S. § 933(a)(1)(ii). Section 1377 of the Vehicle Code provides in pertinent part, "Any person whose registration has been denied or suspended by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." We conclude that the provisions of the Administrative Agency Law do not apply to departmental hearings held pursuant to 67 Pa.Code §§ 43.11 and 53.9. Accordingly, we must reject all of Sunday's due process arguments which are founded on that law.

■ Next, Sunday makes numerous evidentiary arguments as assignments of error. First, it argues that the trial court improperly considered evidence of violations that were committed by Sunday in 1982. It argues that this evidence was irrelevant on the question of whether the 1988 violation can be considered a second offense. We agree. Both §§ 43.11(b) and 53.9(c) of 67 Pa.Code provide that second offenses are determined on the basis of a previous offense committed within a three year period. Violations committed in 1982 are clearly not within three years of the 1987 violations which resulted in the 1988 suspensions. We find, however, that in light of the evidence admitted concerning Sunday's violation which occurred in 1985 which is within three years of the 1987 violations the admission and possible consideration by the trial court of the 1982 evidence is harmless error.

■ Additionally, Sunday raises several issues concerning whether DOT has met its burden of proving the Section 1103(d) violations. DOT submitted evidence which could show that between October of 1985 and January of 1988 it received title documentation beyond ten days from the date of purchase on twenty-three vehicles sold by Sunday. DOT contends that the evidence shows that these documents were, in fact, received from thirty to eighty days after the date of purchase. Sunday argues that DOT's documentation was faulty for several reasons.

First, Sunday argues that DOT could not prove with certainty the dates on which it received the title documentation. It makes this argument based on DOT's witness's testimony that the machine used to stamp in the receipt of documents was not perfect and may, at times, stamp an incorrect date. We cannot agree with Sunday that this testimony should have resulted in a finding that DOT failed to prove the dates on which it received the title documentation. We view this simply as one of the factors which the factfinder considers when assigning weight to the testimony of a witness in his effort to determine credibility. In this case the trial judge, sitting as the factfinder, was well aware of this testimony but nevertheless determined that the title documentation was received by DOT beyond the ten day limitation as set forth by Section 1103(d). The trial judge acted wholly within his province in assessing this testimony and we will not disturb that assessment on review.

Second, Sunday argues alternatively that the date DOT receives the title documents is irrelevant. It argues that since Section 1103(d) provides that "the dealer shall *mail or deliver* the application to the department within ten days of the date of purchase" the mailing date should control. (Emphasis added.) It goes on to argue that since DOT has not demonstrated that Sunday did not mail the applications within ten days of purchase, it has not met its burden. We must conclude that, at least in the case before us, the argument is meritless.

Both the owner and business manager of Sunday testified before the trial court. At no time did either one of them testify that it was their policy to mail the applications to DOT. To the contrary we note that their only testimony with respect to Sunday's method for handling applications relates to personal delivery. DOT's witness testified that applications which are delivered to DOT are stamped as received that same day. N.T. at 47. Accordingly, we find that the trial court did not err in relying on the date of DOT's receipt since in this case the record reflects that date of receipt is the same as the date of delivery.

Sunday also argues that DOT failed to meet its burden of proving any violations of Section 1103(d) since it had not established the dates of purchase of the involved vehicles. Sunday bases this argument on the fact that a state trooper who investigated this dealer's violations testified interchangeably concerning the "date of purchase" and the "date of sale." We must conclude that this is a harmless mistake in testimony. DOT submitted copies of the MV–1 forms which were completed and submitted by Sunday with respect to the transactions at issue in this case. The form specifically asks for the "date acquired/purchased." In each case, this was the date used to determine the date of purchase for purposes of Section 1103(d). We cannot conclude that this was error.

Sunday raises the additional argument that it has been unfairly and unconstitutionally singled out for punishment by DOT. We interpret this to be a selective prosecution argument. As in *Wood v. City of Pittsburgh,* 74 Pa. Commonwealth Ct. 450, 460 A.2d 390 (1983) we note that Sunday has presented no evidence showing discriminatory enforcement by DOT of the Vehicle Code or the regulations promulgated thereunder. Accordingly, we find this argument to be without merit.

■ Sunday also argues that given the extenuating circumstances the trial court erred in failing to impose a less severe penalty for its violations. "[W]here evidence leads to the conclusion of a violation of the law, the trial court may not modify the penalties unless it makes findings of fact *and* conclusions of law different from those of DOT." *Department of Transportation v. Ede Motor Company,* 107 Pa. Commonwealth Ct. 107, 109, 527 A.2d 632, 634 (1987) (emphasis in original).[1] Sunday argues that since DOT has not made any findings of fact or conclusions of law the trial court was free to fashion a just penalty. We

1. We note that we will not abandon this statement of the trial court's scope of review in favor of that set forth by the Supreme court in *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988) inasmuch as that case interprets and applies Section 471 of the

agree with Sunday's argument only insofar as it recognizes that the trial court held a de novo hearing. We note however that both DOT and the trial court concluded that Sunday had violated Section 1103(d) of the Code. "[I]t is a manifest abuse of discretion for a trial court to modify a DOT suspension when it finds a punishable violation but disagrees with the penalty imposed." 107 Pa. Commonwealth Ct. at 109–10, 527 A.2d at 634. Accordingly, we find that the trial court acted properly in affirming DOT's imposition of the suspension.

 Finally, Sunday argues that a thirty day suspension of its dealer registration plates and its authority to issue temporary registration plates would result in severe economic hardship. We note, however, that we have determined that economic hardship is insufficient to excuse violation of the statute. *Ridge.*

## ORDER

NOW, May 17, 1989, the order of the Court of Common Pleas of Cumberland County at No. 1210 Civil 1988, dated July 25, 1988, is hereby affirmed.

Liquor Control Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4-471, which of course is not applicable here.