576 A.2d 1159

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**MAGARITY CHEVROLET, INC., Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1990.

Decided June 12, 1990.

Reargument and/or Reconsideration Denied August 3, 1990.

Donald H. Poorman, Asst. Counsel, with him, Lawrence R. Wieder, Asst. Counsel, and John L. Heaton, Chief Counsel, for appellant.

Benjamin S. Ohrenstein, Haverford, for appellee.

Before CRAIG and COLINS, JJ., and NARICK, Senior Judge.

COLINS, Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Montgomery County reversing an order of DOT which suspended for thirty days Magarity Chevrolet, Inc.'s (Magarity) dealer registration plates and its authorization to issue temporary registration plates. We affirm.

During the period from late 1985 to early 1986, a trooper from the Pennsylvania State Police investigated reports that Magarity had been filing title information for car purchases beyond the ten-day period as required by Section 1103(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1103(d).[1] Ten citations were issued to William Magarity, OLN No. 12376346, the owner of the dealership, as a result of this investigation. Furthermore, DOT issued a warning letter to Magarity, dated October 20, 1986 indicating that a hearing would be held upon request. No such hearing was ever held, although Magarity requested one.

In the latter part of 1986, a second investigation ensued, resulting in the issuance of four more citations for violations of the same statute. These citations, however, were issued to four salesmen, who allowed sales to occur prior to ownership of the vehicles by the dealership. The resultant post-sale perfection procedures caused a delay in the forwarding of title information to DOT within the statutorily prescribed ten days.

A hearing was held by DOT with regard to these four violations on February 19, 1988. Following the hearing, DOT suspended Magarity's dealer registration plates for

**1.** Section 1103(d) of the Code provides, in pertinent part:
(d) **Vehicles purchased from dealers.**—If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within ten days of the date of purchase.... Any dealer violating this subsection is guilty of a summary offense and shall, upon conviction, be sentenced to a fine of $50 for each violation....

thirty days pursuant to 67 Pa.Code § 53.9(a)(12),[2] which sets forth sanctions for violations of Section 1103(d) of the Code. DOT also suspended Magarity's authorization to issue temporary registration plates for thirty days pursuant to 67 Pa.Code § 43.11(a), Category I(4),[3] which also sets forth sanctions for violations of Section 1103(d) of the Code. These two thirty-day suspensions were to be served concurrently.

Magarity appealed DOT's order to the trial court which, following a de novo hearing, reversed the order. DOT now appeals to this Court.

DOT raises several issues for our review.[4] It first argues that substantial evidence was submitted to support the suspension action. DOT cites Section 1374 of the Code, 75

2. 67 Pa.Code § 53.9(a)(12) states, in pertinent part:
   (a) *Schedule.* After providing an opportunity for a hearing, the department may impose suspensions on a registrant according to the following schedule of violations by the registrant, when the department finds upon sufficient evidence that:

   . . . . .

   (12) The registrant has failed to deliver to a lawfully entitled transferee or to the Department, when and as required by law, a properly assigned certificate of title. 1st offense—written warning, 2nd offense—1 month, 3rd offense—6 months, 4th and subsequent offense —Revocation.

3. That section states in pertinent part:
   (a) *Schedule.* After providing an opportunity for a hearing, the Department may impose suspensions or sanctions on an issuing agent according to the following schedule of violations by the agent, when the Department finds upon sufficient evidence that:

   . . . . .

   (4) The agent has issued temporary plates but has not delivered proper documents or fees and taxes to the Department within the prescribed period of time. 1st offense—Until the documents, fees or taxes are delivered, plus 1 month. 2nd offense—Until the documents, fees or taxes are delivered, plus 3 months. 3rd offense— Until the documents, fees or taxes are delivered, plus 6 months. 4th and subsequent offense—Revocation.

4. Our limited scope of review is to determine whether the findings of the trial court are supported by substantial evidence or whether an error of law has been committed. *Ernest Sunday Chrysler Plymouth v. Department of Transportation,* 126 Pa.Commonwealth Ct. 124, 558 A.2d 921 (1989).

Pa. C.S. § 1374,[5] as the authorization which permits DOT to suspend dealer registration plates and authorization to issue temporary registration plates upon a violation of Section 1103(d) of the Code. Secondly, DOT argues that the trial court erred in limiting its consideration to violations which resulted in criminal convictions. Lastly, DOT argues that it is not required to hold a hearing prior to issuing a warning.

First, we address the hearing issue. In the case of *Department of Transportation v. Pacifico Ford, Inc.*, 124 Pa.Commonwealth Ct. 340, 556 A.2d 468, *petition for allowance of appeal granted*, 523 Pa. 650, 567 A.2d 654 (1989), we stated that no hearing was required prior to the issuance of a warning. The *Sunday* case (see footnote 4) reiterates *Pacifico Ford* in that neither Section 43.11 nor Section 53.9 of Title 67 of the Pa.Code requires a hearing be held prior to the issuance of a warning pursuant to these regulations so long as no suspension or sanction is imposed. Accordingly, DOT's argument that no hearing was required prior to the issuance of a warning is legally correct. However, we can see no reason for DOT having raised this issue upon appeal, since the trial court, in its opinion, clearly indicated that the lack of a departmental hearing was not a basis for its reversal of the suspension.

The other two issues raised by DOT are interrelated and we will discuss our rejection of them together. Initially, the suspension handed down under 67 Pa.Code § 43.11(a), Category I(4), relates to the issuance of temporary plates. Of the citations issued on October 26, 1987, none dealt with temporary plates. The trial court found, and we agree that substantial evidence exists within the record, that these four transactions involved only the trans-

5. Section 1374 provides, in pertinent part:
   (a) **General rule.**—The department may suspend registration plates for dealers, ... after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that: ... (5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly signed certificate of title.

fer of currently owned plates. No new temporary plates were issued. Therefore, the suspension of Magarity's license to issue temporary plates was properly invalidated by the trial court.

■ With regard to the suspension pursuant to 67 Pa. Code § 53.9, substantial evidence within the record supports the trial court's finding that no second violation was proven by DOT against Magarity. A second or subsequent offense will be the basis for a suspension, but the record shows that no second citation was ever issued against Magarity or its owner. The citations used as the basis for the suspension had been issued to four separate individual sales people and the trial court found that neither Magarity nor its owner was at fault. Since Magarity was never cited a second time, any suspension imposed for a second or subsequent offense cannot stand.

DOT further argues that its documentary evidence of incidents of late submission of title work, beyond the four documents giving rise to the citations, is sufficient basis for the one month's suspension. DOT contends that under Section 1374 of the Code, a dealer has committed an offense warranting suspension whenever it fails to forward documents as required by law, whether or not it has been convicted criminally of the violation. Simply stated this argument goes to the weight and credibility of the exhibits submitted as determined by the trial court sitting as factfinder.[6] *Sunday.* In the record there is no oral testimony concerning other late submissions. Furthermore, the trial court found that no where in the citations nor in the testimony of the state police officer were accusations made concerning any wrongdoings by Magarity or its owner. In fact, the testimony by the officer ruled out violations except for the four that became the basis for his citations issued to the sales people.

6. It should be noted that the documents relied upon by DOT are to a great degree illegible.

Therefore, we hold that the trial court properly reversed the Board on the basis that no second offense was committed by Magarity under either 67 Pa.Code § 53.9 or § 43.11.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 12th day of June, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.