602 A.2d 496

**BENSON LINCOLN MERCURY, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

**COCHRAN CADILLAC, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

**Nos. 2153 C.D. 1989, 2154 C.D. 1989.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 23, 1990 in No. 2153 C.D. 1989.

Submitted July 27, 1990 in No. 2154 C.D. 1989.

Decided Jan. 22, 1992.

John F. Hooper, for appellants.

William A. Kuhar, Jr., and David R. White, Asst. Counsel, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

Benson Lincoln Mercury, Inc. (Benson) and Cochran Cadillac, Inc. (Cochran) appeal orders of the Court of Common Pleas of Allegheny County quashing their appeals from the issuance of a warning letters by the Department of Transportation (DOT). We affirm.

On June 15, 1988, DOT issued a warning letter to Benson, an automobile dealer, based upon its findings that Benson had violated section 1103(d) of the Vehicle Code, 75 Pa.C.S. § 1103(d). On July 27, 1988, DOT issued a warning letter to Cochran, also an automobile dealer, for a violation of the same statute. Section 1103(d) of the Vehicle Code requires a dealer to deliver an application for certificate of title to DOT within 10 days of the purchase of a vehicle.

Benson and Cochran each appealed the department's issuance of a warning letter to the court of common pleas. The question before the trial court and now before us is whether the warning letter is appealable. Common pleas

held that the letters were not appealable and quashed the appeals. We affirm.

Section 1103(d) of the Vehicle Code, 75 Pa.C.S. § 1103(d), provides:

> **(d) Vehicles purchased from dealers.**—If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within ten days of the date of purchase.... Any dealer violating this subsection is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $50 for each violation.

Violations of this section may lead to the suspension of registration plates for dealers pursuant to section 1374(a)(5) of the Vehicle Code, 75 Pa.C.S. § 1374(a)(5), which provides:

> **(a) General rule.**—The department may suspend registration plates for dealers ... after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:
>
> \*     \*     \*     \*     \*     \*
>
> (5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly assigned certificate of title.

DOT has promulgated regulations with respect to section 1374, which provide:

> **(a) Schedule.** After providing an opportunity for a hearing, the Department may impose suspension on a registrant according to the following schedule of violations by the registrant, when the Department finds upon sufficient evidence that:
>
> \*     \*     \*     \*     \*     \*

| | 1st offense | 2nd offense | 3rd offense | 4th and subsequent offense |
|---|---|---|---|---|
| (12) The registrant has failed to deliver to a lawfully entitled transferee or to the Department, when and as required by law, a properly assigned certificate of title. | written warning | one month | 6 months | revocation |

67 Pa.Code § 53.9(a)12.

Jurisdiction over appeals from DOT suspensions or denials of registration privileges is vested in the court of common pleas by section 1377 of the Vehicle Code, 75 Pa.C.S. § 1377, which provides: "Any person whose registration has been denied or suspended shall have the right to appeal to the court vested with jurisdiction of such appeals...." The General Assembly has vested jurisdiction of such appeals in the courts of common pleas. 42 Pa.C.S. § 933(a)(1)(ii).

Benson and Cochran acknowledge that an administrative warning for a first violation of section 1103(d) of the Vehicle Code is not a denial or suspension within the meaning of section 1377 of the Vehicle Code. Therefore, the order was not appealable under 75 Pa.C.S. § 1374(a)(5), and common pleas correctly held that it did not have jurisdiction over the appeals.

■ Benson and Cochran nevertheless argue that if the warning letters were not appealable to common pleas under 75 Pa.C.S. § 1377, then they were appealable as adjudications of a Commonwealth agency under 2 Pa.C.S. § 701. Under this argument, we would be vested with appellate jurisdiction with respect to the adjudication under 42 Pa. C.S. § 763, and Benson and Cochran argue that common pleas erred in quashing the appeals instead of transferring to us in accordance with 42 Pa.C.S. § 5103(a).[1]

■ "Adjudication" is defined at 2 Pa.C.S. § 101 as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is

1. Section 5103(a) states in part:
   (a) *General Rule*—If an appeal or other matter is taken or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, *the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof, to the proper tribunal of this Commonwealth* ... (emphasis added).

made." Thus, in order for the action of a Commonwealth agency to constitute an appealable adjudication, the action must have an effect upon a party's rights. *See Baker v. Pennsylvania Human Relations*, 75 Pa.Commonwealth Ct. 296, 304, 462 A.2d 881, 886 (1983).

The issuance of the warning letters in these cases does not affect the rights of Benson and Cochran. A warning letter has no impact at all on them. Instead, the only effect would be in the event of a second violation, in which case their registration privileges and ability to issue temporary registration cards and plates could be suspended. Such a suspension clearly would be appealable, and because a prerequisite to the suspension would be a finding that this is a second violation, Cochran and Benson would have the opportunity to obtain at that time judicial review of the question of whether DOT properly had found a first violation when it issued the warning letter.

Our holding is supported by our recent analogous decision in *McGuire v. Department of Aging*, 140 Pa.Commonwealth Ct. 378, 592 A.2d 830 (1991). There, we held that a written reprimand placed in the file of a Commonwealth employee is not appealable, because the reprimand itself does not affect any rights of the employee. However, we further held that if the reprimand later becomes the foundation for disciplinary action which does affect the employee's rights, such as a removal, suspension or demotion, the employee would have the right, on appeal from the subsequent adverse personnel action, to challenge the reprimand at that time.

Our holding in these cases also is consistent with our prior opinions holding that an automobile dealer has no right to a hearing before DOT issues a warning letter. *See Ernest Sunday Chrysler Plymouth, Inc. v. Department of Transportation*, 126 Pa.Commonwealth Ct. 124, 558 A.2d 921 (1989); *Department of Transportation v. Pacifico Ford, Inc.*, 124 Pa.Commonwealth Ct. 340, 556 A.2d 468 (1989); *see also Ridge AMC/Jeep/Renault, Inc. v. Com-*

*monwealth,* 103 Pa.Commonwealth Ct. 174, 520 A.2d 515 (1987).

Therefore, we hold that the warning letters were not appealable and the court of common pleas correctly quashed the appeals. We affirm.

## ORDER

We affirm the order of the Court of Common Pleas of Allegheny County.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.