547 A.2d 504

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Foxwood R.V. Center and Campground, Appellee.

Submitted on briefs March 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John V. Rovinsky,* Assistant Counsel, with him, *Lawrence R. Wieder,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*David W. Skutnik, Robert H. Nothstein Law Offices, P.C.,* for appellee.

OPINION BY JUDGE SMITH, September 13, 1988:

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from the order of the Court of Common Pleas of Monroe County which sustained an appeal by Foxwood R.V. Center and Campground (Foxwood) from a DOT order suspending Foxwood's dealer registration privileges and authorization to issue temporary registration plates. The sole issue presented is whether the trial court, after hearing *de novo,* satisfied conditions necessary to modify a penalty imposed by DOT. We reverse the trial court's decision.

Foxwood is a registered dealer authorized by DOT to issue temporary registration plates. Documents submitted by Foxwood to DOT on or about August 2, 1985 were accompanied by two uncollectible checks drawn on Foxwood's account. Insufficient funds to cover the checks allegedly resulted from a levy placed upon Foxwood's bank account by the Internal Revenue Service unknown to Foxwood. DOT notified Foxwood that the two uncollectible checks constituted one offense under Section 1374(a) of the Vehicle Code (Code), 75 Pa. C. S. §1374(a), and issued a warning together with a suspension until reimbursed by Foxwood pursuant to 67 Pa. Code §§53.9(a)(6) and 53.9(b). Foxwood promptly reimbursed DOT by certified check.

DOT received another uncollectible Foxwood check dated November 15, 1986 and after notice to Foxwood was promptly reimbursed. DOT nonetheless suspended Foxwood's dealer registration privileges for one month pursuant to 67 Pa. Code §§43.11(a) Category I (8) and 53.9(a)(6) as a result of this second offense. After departmental hearing held on April 1, 1987, Foxwood's suspension was sustained. Foxwood appealed DOT's decision to the trial court, which, after hearing *de novo,* set aside DOT's suspension as an abuse of discretion and restored Foxwood's dealer registration privileges and authorization to issue temporary registration plates. Hence, this appeal.

This Court's scope of review is to determine whether the findings below are supported by substantial evidence or whether an error of law has been committed. *Ridge AMC/Jeep/Renault, Inc. v. Commonwealth,* 103 Pa. Commonwealth Ct. 174, 520 A.2d 515, *petition for allowance of appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987). Moreover, a trial court decision will not be disturbed on appeal absent a showing of manifest abuse of discretion. *Department of Transportation v. Johnson,* 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984).

DOT contends that the trial court erred in modifying its penalty against Foxwood in light of the trial court's finding that Foxwood violated Section 1374(a)(7) of the Code and 67 Pa. Code §53.9(a)(6) on two occasions within a three-year period. DOT's authority to issue a suspension, as here, derives from 67 Pa. Code §53.9(a)(6) which provides in pertinent part that DOT may impose suspension on a registrant for a second offense until all uncollectible checks and other related costs are paid, plus one month. Moreover, Section 1374(a)(7) of the Code provides for suspension of vehicle business registration plates upon sufficient evidence of non-payment of any fee payable to the Commonwealth.

Review by the trial court here was limited solely to a *de novo* determination as to whether Foxwood committed the violation for which the sanction was imposed. *See Department of Transportation v. Ede Motor Company,* 107 Pa. Commonwealth Ct. 107, 527 A.2d 632 (1987); *Johnson.* The trial court found that Foxwood had in fact committed the violations alleged by DOT. Foxwood's appeal, however, was sustained by the trial court because it found the penalty excessive in light of mitigating circumstances, *inter alia,* absence of fraud, inadvertence, and no financial loss to DOT or any other party.

That Foxwood acted inadvertently and neither committed fraud nor caused financial loss to DOT or any other party are not elements to be considered under relevant statutory provisions or regulations. *See Ridge AMC/Jeep/Renault, Inc.* Additionally, it is not a court's function to substitute its discretion for that of an administrative tribunal merely because the court may entertain a different opinion or judgment with respect to an agency's action. *In Re Petition of Acchione,* 425 Pa. 23, 227 A.2d 816 (1967); *Pennsylvania Labor Relations Board v. Northeastern Educational Intermediate Unit*

*No. 19,* 95 Pa. Commonwealth Ct. 361, 505 A.2d 1068 (1986).[1]

Accordingly, the trial court, having committed an abuse of discretion and error of law, is hereby reversed.

### ORDER

AND NOW, this 13th day of September, 1988, the decision of the Court of Common Pleas of Monroe County dated June 23, 1987 is reversed and the Department of Transportation's suspension against Foxwood R.V. Center and Campground reinstated.

---

[1] The trial court's reliance upon *Commonwealth v. Bitner,* 20 Pa. D. & C. 2d 446 (1959) is misplaced. *Bitner* requires consideration only of mitigating circumstances and does not prohibit suspension due to the mere presence thereof. Moreover, warnings are appropriate only as to first violations where the party charged was without knowledge of the violation and are to be issued only to registrants having no suspendible violations for a period of three years prior to the date of the violation currently being considered. Consent warnings thus replace a first violation suspension, and not, as here, a second offense which is deemed a second violation. *See* 67 Pa. Code §53.9(b).