593 A.2d 442

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**PHIL TURNER'S SERVICE CENTERS, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided March 11, 1991.

Designated as Opinion to be Reported June 25, 1991.

1

2

Timothy P. Wile, Souderton, for appellant.

William T. Renz, Doylestown, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This appeal is brought by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Bucks County. That order sustained the appeal of Phil Turner's Service Centers, Inc. (Appellee herein) from the two month suspension of its certification as an official inspection station, and vacated the suspension. Following review of the record in this matter, we reverse the order of the trial court and reinstate the suspension imposed by DOT.

Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724, authorizes DOT to suspend the certificate of appointment issued to official inspection stations for various causes. DOT has promulgated Regulation 175.51, 67 Pa.Code § 175.51, setting forth the types of violations which may result in suspension of an inspection station's certificate of appointment, and the duration of the suspension which may be imposed in each instance.

In the present case, it has been established that Appellee submitted two checks to DOT which were returned as not collectible (one dated August 21, 1989 for the amount of $200, and one dated November 20, 1989 for $210). DOT determined that these occurrences should be treated as "bad check" violations, and consequently suspended Appellee's inspection certification for a two month period in accordance with Regulation 175.51(a)(4)(vi), which provides that the penalty for a second "bad check" violation is a suspension for "2 months or until amount due is paid, whichever is greater." *See* 67 Pa.Code § 175.51(a)(4)(vi). Appellee challenged this suspension in an appeal to common pleas court,[1] and succeeded in having the suspension vacated. DOT now brings this appeal.

██ DOT raises two issues. First, DOT contends that the trial court erred in ruling that the certified document packet which DOT offered into evidence was inadmissible. The hearing transcript reveals that DOT's counsel offered

1. Section 4724(b) of the Vehicle Code, 75 Pa.C.S. § 4724(b).

into evidence a packet of documents which included "the notice of suspension, the notice of the check being returned and a copy of the check, the warning for the first and the copy of the first check, and also a statement of Mr. Turner's record." (Hearing Transcript, p. 2). When Appellee's counsel objected to admission of the documents, the following exchange took place:

> [APPELLEE'S COUNSEL]: Your Honor, I object to the admission of those. They are hearsay. They're not complete. They're not the original checks. I don't know where the original checks are.

> THE COURT: I'm going to sustain your objection. (*Id.*, p. 3). DOT cites case law and statutory authority in support of its position that this objection by Appellee's counsel should not have been sustained.

However, we take note of the point made by the trial court, and acknowledged by DOT, that DOT was not prejudiced by this ruling since all of these documents were later admitted into evidence on the basis of the testimony of Mr. Turner, owner of Appellee. DOT was permitted to call Mr. Turner as of cross-examination. Mr. Turner was able to identify each of the documents in question, and corroborate DOT's assertions as to the substance of the documents. Under these circumstances, where there has been no prejudice to DOT, and because our decision does not necessitate a remand to the trial court, thereby alleviating DOT's concerns in this regard, we will not address the merits of this first issue.

█ Instead, we turn to DOT's second issue, in which it charges that the trial court erred in vacating the suspension of Appellee. The testimony of Mr. Turner revealed that the checks in question were not collectible because the Internal Revenue Service (IRS) had levied upon his account, thereby freezing the funds in the account and rendering them unavailable to pay the checks issued to DOT. Mr. Turner testified that he had sufficient funds in his account to cover the checks in question at the times they were written. In each instance, the funds were unavailable due to two sepa-

rate IRS levies, and in each instance, Mr. Turner was unaware of the levies, according to his testimony.

The trial court concluded that since actions of the IRS, rather than those of Appellee, had made these account funds inaccessible, DOT could not properly charge Appellee with "bad check" violations for these two occurrences. The trial court stated, "[W]e do not believe the regulations codified at 67 Pa.Code 175.51 were intended to apply when third parties are the cause of [DOT's] inability to collect on checks issued to it. . . ." *Department of Transportation v. Phil Turner's Service Centers, Inc.* (No. 90–00204–16–6, filed July 6, 1990), slip op. at 6. The view of the trial court was that neither of these instances could be cited as "bad check" violations by DOT; or, at worst, only the second instance could be charged as such a violation, after Appellee had actual or constructive notice of an IRS levy on the account, in which case the two month suspension would not be the appropriate penalty under Regulation 175.51(a)(4)(vi).

We cannot agree with this conclusion. Our examination of Section 4724 of the Vehicle Code, and DOT Regulation 175.51, reveals no basis for the trial court's conclusion that DOT may not impose penalties for "bad check" violations under the circumstances here. The trial court offers no case law in support of its position, and we have not uncovered any authority in our independent research which supports the trial court's conclusion. It appears that the term "bad check" is not defined in the Vehicle Code or in the regulations which DOT has promulgated. However, we accept DOT's contention that the term "bad check," as used in the regulation in question, is intended to encompass any check which is uncollectible.

█ In reaching this conclusion, we note that DOT has promulgated the regulation in question, and are mindful that DOT's interpretation of its own regulation is entitled to deference, and should not be disregarded unless it is shown to be clearly erroneous. *Jackson v. Pennsylvania Public Utility Commission*, 105 Pa.Commonwealth Ct. 37, 522 A.2d 1187 (1987). In addition, we cannot perceive any

advancement of the regulatory scheme with regard to vehicle inspection stations which would be served by interpreting the term "bad check" in this regulation to include only those instances in which the inspection station owner has an intent or design to pass on an uncollectible check to DOT. Moreover, as DOT points out, a criminal prosecution for a "bad check" violation of Regulation 175.51(a)(4)(vi) would constitute a mere summary offense, pursuant to Section 6502(b) of the Vehicle Code, 75 Pa.C.S. § 6502(b), and the legislature has determined that the requirement of culpability is generally not applicable to summary offenses. *See* Section 305(a) of the Crimes Code, 18 Pa.C.S. § 305(a).

Here, Mr. Turner's own testimony acknowledged that he had submitted checks to DOT which were not collectible. It is unfortunate for Mr. Turner, owner of Appellee, that he has been charged with "bad check" violations under circumstances, according to his testimony, where his account contained sufficient funds to pay the two checks in question. However, we conclude that the discretion in determining whether these occurrences constituted "bad check" violations, for which a suspension of an inspection station's certificate of authorization could be imposed, lies with DOT rather than with the trial court. Accordingly, the order of the trial court is hereby reversed, and the two month suspension imposed on Appellee is hereby reinstated.

## ORDER

AND NOW, March 11, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.

It is further ordered that the two month suspension which the Pennsylvania Department of Transportation sought to impose, pursuant to its notice of same dated January 9, 1990, is hereby reinstated.

BYER, J., dissents.