627 A.2d 265

**ABATS (NORTH PHILA.) AUTO TAGS, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided June 18, 1993.

Reargument Denied Aug. 4, 1993.

334

Joseph T. Kelley, Jr., for appellant.

Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Abats (North Phila.) Auto Tags (Abats) appeals from an order of the Court of Common Pleas of Philadelphia County that denied Abats' appeal from an order of the Department of Transportation, Bureau of Motor Vehicles (Department) which suspended and revoked Abats' authorization to act as a full agent. We affirm.

Pursuant to Sections 1310 and 1331 of the Vehicle Code, 75 Pa.C.S. §§ 1310 and 1331, Abats was authorized to issue temporary registration cards and plates in accordance with regulations promulgated by the Department.[1] *See* 67 Pa.Code §§ 43.1–43.13. Regulation 43.5(f)(1) requires that within ten days of the issuance of a temporary registration card, the agent shall forward to the Department the original copy of the temporary registration card, the regular registration card, and

---

**1.** The Department's regulations define a full agent as "[a] county treasurer or a person other than a manufacturer or dealer authorized by the Bureau to issue temporary registration cards and plates." 67 Pa.Code § 43.2.

documents and fees necessary to the transaction. 67 Pa.Code § 43.5(f)(1).

As a result of complaints received from customers of Abats,[2] the Department, in conjunction with the Pennsylvania State Police, conducted an investigation and audit of Abats' business records that revealed between 300 and 400 incidents where Abats was either late in forwarding the registration documents to the Department or failed to forward the documents at all. The Department notified Abats of the delinquent items and gave it an opportunity to correct the violations. Abats failed to cure the delinquency in its entirety and, as a result thereof, the Department charged Abats with 73 violations which occurred between August 19, 1989 and March 25, 1991.

The Department conducted a hearing on the 73 violations and by order dated December 6, 1991 revoked Abats' authorization to issue temporary registration cards and plates pursuant to the schedule of violations set forth at 67 Pa.Code § 43.11(a), Category I(4).[3] Abats appealed to the Court of

**2.** The customers alleged that they had received temporary registration cards and plates from Abats but failed to receive permanent ones from the Department. Temporary registration cards expire and become void 60 days from the date of issuance or 30 days from the date of issuance in the case where a vehicle was acquired in this Commonwealth for transportation to another state for registration or other use there. 67 Pa.Code § 43.5(h)(3).

**3.** The sanctions for violations by issuing agents, as herein relevant, is as follows:

| Reason for Suspension of agent Category I | Duration of Suspension | | |
| --- | --- | --- | --- |
| | 1st Offense | 2nd Offense | 3rd Offense | 4th and Subsequent Offense |
| (4) The agent has issued temporary plates but has not delivered proper documents or fees and taxes to the Department within the prescribed period of time. | Until the documents, fees or taxes are delivered, plus 1 month. | Until the documents, fees or taxes are delivered plus 3 months. | Until the documents, fees or taxes delivered, plus 6 months. | Revocation |

67 Pa.Code § 43.11(a), Category I(4).

Common Pleas of Philadelphia County which conducted a *de novo* hearing and thereafter issued an order dated April 24, 1992 denying Abats' appeal.[4]

Abats does not contest the Department's determination that it had committed 73 violations; rather, Abats asserts that the Department erred by determining that as a result of the 73 violations it had committed four or more offenses warranting a revocation. The essence of Abats' argument is that on the basis of one hearing the Department was unable to conclude that Abats had committed multiple offenses; in other words, a second, third, fourth and/or subsequent offense cannot be found until after a separate hearing on each previous offense has occurred. Abats maintains that since the Department conducted only one hearing concerning its 73 violations, at best it was only guilty of a single offense and the Department erred by concluding, without the benefit of additional hearings, that it had committed multiple offenses warranting a revocation.

Although the terms "violation" and "offense" are not specifically defined within Regulation 43.11(a), it does provide that a violation that is supported by sufficient evidence constitutes an offense. Abats asserts that Regulation 43.11(a), when read in conjunction with Regulation 43.11(b),[5] requires multiple hearings in order for the Department to be able to find previous and subsequent offenses. We disagree. Regulation 43.11(b) limits the determination of a second offense of the same nature committed within a three year period and a third or

---

**4.** Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence or whether the trial court committed an error of law. *Saia's Used Cars v. Commonwealth,* 142 Pa.Commonwealth Ct. 27, 596 A.2d 1212 (1991).

**5.** Regulation 43.11(b) provides:

(b) Second and subsequent violations. Second violations are determined on the basis of a previous offense of the same nature committed within a 3 year period. Third or subsequent violations are determined on the basis of two or more previous violations of the same nature committed within a three year period.
67 Pa.Code § 43.11(b).

subsequent violations are determined on the basis of two or more previous violations of the same nature within a three year period. Herein, the 73 charged violations are all of the same nature, and it is not disputed that there is substantial evidence to support each violation as to constitute each an offense, and that they all occurred within a three year period, i.e., from August 19, 1989 through March 25, 1991.

Regulation 43.11(b) is for the purpose of determining second, third and subsequent offenses not for the purpose of governing the number of violations which may be heard at one hearing. Regulation 43.11(c) is the authority for the Department to conduct a hearing of multiple violations wherein it is provided, as herein relevant, that "[i]n the case of multiple violations considered at one time, the Department may impose separate sanctions for each violation under the schedule in subsection (a)." 67 Pa.Code § 43.11(c). Since the Department may consider multiple violations at one time and a violation supported by substantial evidence is an offense, the Department may impose separate sanctions for each offense. Abats was not harmed by the fact that the Department determined that it had committed five offenses[6] since the Department could have found that it committed 73 offenses, a revocation being the appropriate sanction under either determination pursuant to the schedule of violations set forth at 67 Pa.Code § 43.11(a), Category I(4). Accordingly, the Department did not err by revoking Abats' authorization to act as a full agent.[7]

FRIEDMAN, J., dissents.

**6.** The Department's order of December 6, 1991 grouped Abats' 73 violations into five offense groups.

**7.** The Department's order further specified that the suspensions and revocations shall be served consecutively. See 67 Pa.Code § 43.11(c) (the Department may, in its discretion, direct that a suspension imposed be served concurrently or consecutively). However, any suspensions imposed are superseded by a subsequent revocation, as is the case here. Upon revocation of a full agent's certificate of authorization, the full agent shall be barred from reapplying for a new certificate of authorization for one year. 67 Pa.Code § 43.11(g).

## *ORDER*

AND NOW, this 18th day of June, 1993, the order of the Court of Common Pleas of Philadelphia County is affirmed.