157 Pa. Commonwealth Ct. 1 (1993)
629 A.2d 172
COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner,
v.
WASHINGTON COUNTY, Respondent.
WASHINGTON COUNTY, Petitioner,
v.
DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.
Commonwealth Court of Pennsylvania.
Argued October 19, 1992.
Decided April 26, 1993.
Publication Ordered July 28, 1993.
Petition for Allowance of Appeal Granted September 17, 1993.
*3 Gail B. Phelps, Asst. Counsel and Keith Weiks, for petitioner/respondent, Dept. of Environmental Resources.
Katherine B. Emery, Asst. County Sol., for respondent/petitioner, Washington County.
Before PALLADINO and S. FRIEDMAN, JJ., and SILVESTRI, Senior Judge.
FRIEDMAN, Judge.
The Department of Environmental Resources (DER) appeals from an order of the Environmental Hearing Board (the Board) which granted partial summary judgment to Washington County (the County). The Board found that DER had exceeded its authority in attaching certain conditions to its approval of Washington County's municipal waste management plan and struck those conditions from the plan. The Board also granted partial summary judgment to DER, finding that DER's failure to act on the County's municipal waste management plan in a timely fashion did not result in a deemed approval of the plan. The County cross-appeals to preserve this issue. We affirm in part and reverse in part.
In accordance with the Municipal Waste Planning Recycling and Water Reduction Act, Act of July 28, 1988, P.L. 556, 53 P.S. §§ 44000.101-4000.513 (Act), the County submitted a *4 draft municipal waste management plan (plan) to DER for review in July of 1989. This draft plan contained waste flow control provisions which would have required municipalities to dispose of their wastes at disposal sites designated by the County. (R.R. at 30a.) The final plan, which lacked these waste flow control provisions, was submitted to DER in March of 1990.[1] On May 30, 1990, the DER notified the County that "[t]he Department has determined that your Solid Waste Management Plan is incomplete and a decision as required by Section 505(a) of Act 101 cannot be provided at this time," (R.R. at 52a), and asked that the County inform DER by June 22, 1990 whether it would request "that the plan be withdrawn until it can be submitted as complete, or whether [the County] would continue to take the position that the plan is complete as submitted." (R.R. at 52a.) The County did not formally respond to the May 30 letter but rather, by letter dated September 6, 1990, the County commissioners requested DER's decision on the Washington County Municipal Waste Management Program. The Secretary of DER, Arthur Davis, acknowledged this request on October 11, 1990, but DER did not act until March 28, 1991, when it conditionally approved the County's final plan. This conditional approval required the County to comply with certain conditions including requiring municipalities to use only designated disposal sites listed in the plan[2] and requiring that any revisions of the County plan supplementing the County's list of designated disposal sites be considered a substantial plan revision. (R.R. at 61a.)
*5 The County appealed DER's conditional approval to the Board. Before the Board, DER and the County filed a joint stipulation of facts, and each moved for summary judgment on the four fundamental issues identified in the stipulation, all of which are matters of interpretation of law and not of fact:
a. The timeliness of the department's notice of the plan's incompleteness and of conditional approval of the final plan.
b. The department's interpretations that waste flow control provisions are required.
c. If that interpretation is justified under Act 101, the constitutionality of such is questioned.[3]
d. Whether a major plan revision is required to supplement the county's list of designated sites.
(R.R. at 32a-33a.)
Because the parties stipulated to the facts, our review[4] is limited to determining whether the Board committed any errors of law or constitutional violations in determining that the Act does not provide for deemed approval if a plan is not acted upon in a timely fashion and in determining that DER could not require Washington County to include waste flow controls in its plan and that DER abused its discretion in requiring that supplementation of designated disposal sites be considered "major plan revisions."
We first address the question of whether DER's failure to reach a decision within the statutorily prescribed time period renders the plan approved. The Board rejected the County's contention that DER's lack of timeliness in approving, conditionally approving or disapproving the plan within *6 the prescribed time resulted in a deemed approval. The Board found:
There is no provision in Act 101 authorizing deemed approval of plans where DER does not Act within the time constraints of § 505(a). As DER correctly notes in its response, in order for the remedy of deemed approval to occur, there must be explicit language to that affect in the statute. . . . No such language appears in Act 101. Therefore, regardless of whether we find that DER may have acted in an untimely manner in conditionally approving the Plan, we cannot grant the relief requested by Washington County.
(R.R. at 6a-7a, citation omitted.) We agree. When the legislature has intended lack of timely action by an administrative body to result in a deemed approval, it has specifically so provided. See, e.g., section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805 as amended, 53 P.S. § 10908(9). The legislature did not provide for deemed approval in this instance.
As to Condition No. 5, DER argues that the Board erred in failing to defer to DER's interpretation of the statute which it administers. Saia's Used Cars v. Commonwealth, 142 Pa. Commonwealth Ct. 27, 596 A.2d 1212 (1991). However, DER's reliance on Saia is misplaced; the rule that courts defer to an agency's interpretation of a statute which the agency administers does not apply where the statute is clear. In this case, the Act provides that the County's authority to require that wastes be processed or disposed at specific designated facilities is discretionary. See Hardy v. Pennsylvania Department of Public Welfare, 81 Pa. Commonwealth Ct. 428, 473 A.2d 1138 (1984). Section 303 of the Act, 53 P.S. § 4000.303(a), imposes a duty on the County to insure the availability of "adequate permitted processing and disposal capacity for municipal waste which is generated within its boundaries." Although imposition of waste flow controls requiring that all municipal wastes generated within the County's boundaries "be processed or disposed at a designated processing or disposal facility that is contained in the approved *7 plan. . . ." is one of the tools available to meet this duty, use of this tool is discretionary, not mandatory, section 303(e) of the Act, 53 P.S. § 4000.303(e), and DER cannot rewrite the law to make it mandatory. Thus, we agree with the Board's cogent analysis, which found that although Act 101 vested DER with broad powers to
`require counties . . . to carry out their duties under [the] act'. . . . DER must act within the boundary of what is required under the Act. Section 303(e) authorizes counties to designate specific disposal sites within their municipal management plans. It does not require that the counties do so. . . .
Nowhere in the Act is DER granted specific power to require designation of exclusive disposal sites. Nor is this duty imposed on counties by Act 101 which is subject to enforcement by DER pursuant to section 301(11). . . .
Thus, if counties elect to designate certain facilities for the disposal of waste under section 303(e), their plans must explain the basis for doing so. Clearly, then, the option of designating certain facilities for disposal of municipal waste is left to the counties.
(R.R. at 8a-9a, emphasis in original.)
We find the Board's analysis less persuasive with regard to Condition No. 6. In essence, Condition No. 6 precludes the County from supplementing the list of designated disposal sites without first complying with the requirements for a substantial plan revision contained in section 501(d) of the Act, 53 P.S. § 4000.501(d). Section 501(d) provides:
At least 30 days before submitting any proposed plan revision to the department, the county shall submit a copy of the proposed revision to the advisory committee established pursuant to section 503 and to each municipality within the county. All plan revisions that are determined by the county or by the department to be substantial shall be subject to the requirements of sections 503 and 504. *8 (Emphasis added.) Despite this language, the Board found that DER provided no reasonable authority for claiming that any supplement to the list of designated sites constituted a substantial revision.[5] We disagree.
The Act clearly confers authority on counties or DER to determine whether or not a revision is substantial, and in Condition No. 6, DER exercised this authority. Furthermore, recently published regulations, effective October 10, 1992 but applicable to plans submitted after October 26, 1988, 25 Pa. Code § 272.221, provide that substantial plan revisions include designation of additional resource recovery or municipal waste land fills. Supplements to the designated disposal sites constitute substantial plan revisions. Thus, DER did not exceed its authority in requiring the County to comply with the statutory requirements for substantial plan revisions if the County wishes to supplement the list of designated sites. We reverse the Board on this issue.
Accordingly, (1) we affirm the order of the Environmental Hearing Board as to the grant of summary judgment in favor of DER and against Washington County on the issue of timeliness (deemed approval); (2) we affirm the order of the Environmental Hearing Board as to the grant of summary judgment in favor of Washington County and against DER with respect to Condition No. 5; and (3) we reverse the order of the Environmental Hearing Board as to the grant of summary judgment in favor of Washington County and against DER with respect to Condition No. 6 and remand to the Environmental Hearing Board for restoration of the pertinent portion of Condition No. 6, as follows:

*9 If Washington County wishes to revise its plan to supplement its list of designated disposal sites, it must comply with the requirements of Act 101, Section 501(d).

ORDER
AND NOW, this 26th day of April, 1993, the decision of the Environmental Hearing Board, dated April 2, 1992, is affirmed in part and reversed in part:
(1) We affirm the order of the Environmental Hearing Board as to the grant of summary judgment in favor of DER and against Washington County on the issue of timeliness (deemed approval);
(2) We affirm the order of the Environmental Hearing Board as to the grant of summary judgment in favor of Washington County and against DER with respect to Condition No. 5; and
(3) We reverse the order of the Environmental Hearing Board as to the grant of summary judgment in favor of Washington County and against DER with respect to Condition No. 6 and remand to the Environmental Hearing Board for restoration of the pertinent portion of Condition No. 6, as follows:
If Washington County wishes to revise its plan to supplement its list of designated disposal sites, it must comply with the requirements of Act 101, Section 501(d).
Jurisdiction relinquished.
NOTES
[1] The plan was submitted by Washington County on March 27, 1990 and received by DER on March 29, 1990. On April 27, 1990, the County was notified that DER would need an additional 30 days to review the plan and on May 25, 1990 the DER secretary, Arthur Davis, sent a letter to the County stating DER's "position that county plans must contain a mechanism to direct waste to designated sites for the plan to be implemented and approved." (R.R. at 51a.)
[2] Condition No. 5 required the county to insert the following language in the plan:

"Additionally, all local municipal ordinances shall contain waste flow control provisions directing the waste collected in their municipalities to any of the County designated disposal sites listed in this plan or any amendments thereto."
[3] Because of the Board's disposition of the other issues, it did not reach the issue of constitutionality. For the same reasons, we also do not reach this issue.
[4] Our scope of review in an appeal of a Board decision is whether the Board committed any errors of law or constitutional violations or whether any necessary findings are unsupported by substantial evidence. T.R.A.S.H., Ltd. v. Department of Environmental Resources, 132 Pa. Commonwealth Ct. 652, 656, 574 A.2d 721, 724, appeal denied, 527 Pa. 659, 593 A.2d 429 (1990).
[5] According to both DER and the Board, the "major plan revisions" in Condition No. 6 are the same as "substantial" plan revisions referred to in the statute.

The Board appears to agree with the County's argument that since Act 101 does not define what does or does not constitute a major plan revision, it would be logical to interpret this provision to be reserved for situations which are far reaching and unusual and that a list of designated sites must be fluid so that it can change periodically as landfills close and new ones are built.