**MORABITO'S AUTO SALES, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

**MORABITO'S AUTO SALES, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 1997.

Decided Feb. 3, 1997.

David A. Regoli, New Kensington, for appellant.

Marc A. Werlinsky, Assistant Counsel, and Timothy P.Wile, Assistant Counsel In–Charge, Harrisburg, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Morabito's Auto Sales (Morabito) appeals from the April 12, 1996 order of the Court of Common Pleas of Armstrong County dismissing its statutory appeals challenging a monetary penalty and one-month suspension of its authority to issue temporary registration cards and license plates imposed for failure to timely deliver documents and fees to the Department of Transportation (Commonwealth).

Morabito premises this appeal on the trial court's acceptance into evidence, over Morabito's objection, of the Commonwealth's Exhibit A. Exhibit A includes photocopies of twenty-seven untimely title and registration application forms submitted by Morabito. Exhibit A, with attestation and certification attached, was introduced into evidence under seal. Although Morabito objected to admission of Exhibit A as illegible and not in accordance with the requirements of 42 Pa. C.S. § 6109,[1] the trial court ruled the evi-

---

**1.** Also known as the Uniform Photographic Cop-   ies of Business and Public Records as Evidence

dence admissible under 75 Pa.C.S. § 1103.1(d.1), which addresses the admissibility of copies of applications for certificate of title.

On appeal, Morabito asserts that Exhibit A was not admissible under 75 Pa.C.S. § 1103.1(d.1) because that section applies only to documents received by the Commonwealth after the effective date of February 7, 1995 and that it was not admissible under 42 Pa.C.S. § 6109 because the pages were illegible. Morabito also argues that the Commonwealth was without authority under 75 Pa. C.S. § 1374 to suspend its authority to issue temporary registration cards and plates for failure to deliver timely paperwork. Finally, Morabito asserts that the trial court erred when it determined that Morabito waived his opportunity to challenge the monetary penalty because the issue was not briefed. Our review in an dealer's license suspension case is limited to determining whether errors of law have been committed or whether the findings of the trial court are supported by competent evidence. *Saia's Used Cars v. Commonwealth*, 142 Pa.Cmwlth. 27, 596 A.2d 1212 (1991).

75 Pa.C.S. § 1103.1(d.1) requires that the Department of Transportation stamp all applications for certificate of title with a work identification number indicating the day and year that the application is received from the dealer.

> An application, or copy thereof certified by the department, which displays the stamped work identification document number shall be accepted by any issuing authority or court in any proceeding as prima facie evidence of the date that the application was received by the department. If the displayed stamp is not legible, a certification by the department of the date that the application was received shall be accepted by the issuing authority or court as prima facie evidence of that date.

Act, § 6109 requires that reproduced public records accurately produce all lines and markings that appear on the original; such reproductions,

*Id.* Subsection (d.1) became effective in February 1995, before Morabito's March 22, 1995 hearing.

Exhibit A was properly admitted into evidence under subsection (d.1) as a prospective application of a purely procedural statutory provision. Subsection (d.1) specifies the procedures whereby applications are date-stamped and the procedures whereby photocopies of those applications must be accepted as evidence of the date of receipt by the Commonwealth. Where legislation concerns procedural matters, it applies to litigation existing at the time of its passage as well as to litigation begun after its passage. *Boyd C. Wagner, Inc. v. Shamokin Area School District,* 120 Pa.Cmwlth. 596, 549 A.2d 1004 (1988). Application of subsection (d.1) did not affect Morabito's obligation to submit applications or the 20–day period for delivering applications to the Commonwealth. Morabito had no substantive right to have the Commonwealth submit evidence in any particular format.

We agree with the Commonwealth that 75 Pa.C.S. § 1103.1(d.1) supersedes the requirements of the general rule of evidence, 42 Pa.C.S. § 6109, for the purposes of statutory appeals involving title document submissions. Subsection (d.1) is the more specific of the two rules, and it is the more recently enacted. In the event of an irreconcilable conflict between a general provision and a special provision, the special provision prevails and is construed as an exception unless the general provision is later enacted. 1 Pa.C.S. § 1933. Furthermore, when provisions of two statutes, enacted by different general assemblies, are irreconcilable, the later-enacted statute prevails. 1 Pa.C.S. § 1936.

Exhibit A was admitted into evidence in compliance with the requirements of 75 Pa.C.S. § 1103.1(d.1). All of the photocopied applications included in Exhibit A bear the required work identification number, even though the number is not always legible. For all of the applications—not only those

when satisfactorily identified, are admissible as evidence.

that were illegible—the Commonwealth provided certification of the dates the applications were received.[2]

We reject Morabito's contention that the Commonwealth improperly suspended its authority to issue temporary registration cards and plates. The Commonwealth imposed the suspension under 67 Pa.Code § 43.11(a)(4), for Morabito's second offense, 27 violations of 67 Pa.Code 43.5(f)(1)—having issued temporary plates without having delivered the proper documents and fees within the prescribed period. The same 27 transactions also gave rise to monetary penalties, under 75 Pa.C.S. § 1374, for Morabito's failure to deliver title applications within the time prescribed in 75 Pa.C.S. § 1103.1(d). The imposition of the monetary penalty for failure to deliver title applications does not prevent the Commonwealth from also suspending Morabito's authority to issue temporary registration cards and plates for failure to deliver the proper registration documents and fees. Each violation carries its own penalty.

Finally, we agree with the trial court that Morabito waived any issues related to the monetary penalty because Morabito never addressed the monetary penalty at the hearing or in its brief before the trial court. We reject Morabito's argument that if its "argument regarding the admissibility of Exhibit A would have been successful, the Court would have sustained the appeal with regard to the imposition of the monetary penalty. There was no reason to brief the issuance of the monetary fine because everything relies on the admissibility of the exhibit." (Appellants Brief at p. 18.) On the contrary, the trial judge made it clear that he was admitting the Exhibit A subject to Morabito's objection and that Morabito should proceed with the substance of its case at that time; Morabito then declined to submit any more evidence. (Hearing Transcript at pp. 18–19.)

Accordingly, we affirm the order of the Court of Common Pleas of Armstrong County.

2. The photocopied applications contained in Exhibit A were attested by the public officer having legal custody of the records and accompanied by

*ORDER*

AND NOW, this 3rd day of February, 1997, the order of the Court of Common Pleas of Armstrong County in the above-captioned matter is affirmed.

certification that the officer has custody in compliance with 42 Pa.C.S. § 6103(a), the evidentiary rule pertaining to proof of official records.